UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ECO-SITE, LLC, et al., | ) |
| | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 4:17-cv-2880 SNLJ |
| | ) |
| THE CITY OF UNIVERSITY CITY, | ) |
| MISSOURI, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiffs brings this four-count lawsuit claiming that defendants wrongfully denied their request for a zoning variance with respect to a proposed telecommunications tower. This Court denied the defendants' motions to dismiss. The defendants the City of University City and its Board of Adjustment included as an affirmative defense in their answer a challenge to the constitutionality of the Uniform Wireless Communications Infrastructure Deployment Act, § 67.5090, et seq. RSMo (the "Act"). Then, defendants moved for summary judgment and included as part of their motion that the Act violates the Missouri Constitution and thus plaintiffs cannot be entitled to judgment under the Act.

Upon receiving notice of the defendants' summary judgment motion, which was filed on March 1, 2019, the State of Missouri moved to intervene on March 25. The State of Missouri seeks to defend the constitutionality of the Act. Plaintiffs consent to the State's intervention. Defendants object to the State's motion to intervene.

1

The State's motion is based in part on Federal Rule of Civil Procedure 24(a)(1). Rule 24(a) grants the right to intervene when the intervener "is given an unconditional right to intervene by a federal statute." The State contends that 28 U.S.C. § 2403(b) confers an unconditional right to intervene because the suit involves a state statute's constitutionality and plaintiffs have named no state defendants:

> In any action, suit, or proceeding in a court of the United States to which a State or any agency, officer, or employee thereof is not a party, wherein the constitutionality of any statute of that State affecting the public interest is drawn in question, the court shall certify such fact to the attorney general of the State, and shall permit the State to intervene for presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of constitutionality.

28 U.S.C. § 2403. Defendants point out, however, that this statute refers to a state statute's constitutionality under the United States Constitution, whereas, here, defendants bring a challenge under the Missouri Constitution. The parties cite no Eighth Circuit case interpreting the statute, but defendants cite to an out-of-circuit case that held the statute is inapplicable where a party challenges a state statute under the state constitution. *See Gibson v. Am. Cyanamid Co.*, 760 F.3d 600, 608 (7th Cir. 2014). The State argues that Federal Rule of Civil Procedure 5.1—which addresses intervention under 28 U.S.C. § 2403—does not distinguish between challenges under the state and federal constitutions. The State was following the procedure set out in Rule 5.1, which requires that any party filing a paper drawing into question the constitutionality of a statute must promptly notify the proper state or federal authority.

The State argues that, even if intervention as of right is not available, it should be permitted to intervene pursuant to Rule 24(b). "Normally, parties seeking permissive intervention must show (1) an independent ground for jurisdiction, (2) timeliness of the motion, and (3) that the applicant's claim or defense and the main action have a question of law or fact in common." *Flynt v. Lombardi*, 782 F.3d 963, 966 (8th Cir. 2015). "Rule 24 should be liberally construed with all doubts resolved in favor of the proposed intervenor." *S. Dakota ex rel Barnett v. U.S. Dept. of Interior*, 317 F.3d 783, 785 (8th Cir. 2003).

As it relates to permissive intervention, defendants appear to object only to the timeliness of the State's motion. They state that the State should have filed its motion upon receiving the November 2018 notification that the City's answer included a constitutional challenge. Federal Rule of Civil Procedure 5.1 provides that the state attorney general may intervene within 60 days after a notice of constitutional challenge is filed "unless the court sets a later time." The State thus seeks an extension of that time to the extent the Court deems it necessary.

The State filed its motion to intervene, along with its proposed memorandum detailing its defense of the constitutionality of the relevant statute, on March 25, 2019—that was one business day after the parties filed their summary judgment responses. The matter the State seeks to address is purely a legal issue. Although the State might have intervened earlier, the State filed its proposed memorandum promptly after learning the defendant's constitutionality arguments, and the delay to the parties is minimal. Indeed, the defendant does not identify how extending summary judgment briefing would prejudice it. The Court will permit the State to intervene, and its memorandum in opposition to the defendant's

motion for summary judgment shall be docketed. The parties will be allowed 28 days in which to file any additional response to the State's memorandum.

Accordingly,

**IT IS HEREBY ORDERED** that the State of Missouri's motion to intervene (#68) is GRANTED and the State's memorandum filed as an attachment to that motion shall be separately docketed.

**IT IS FURTHER ORDERED** that the parties shall have 28 days in which to file any memorandum in response to the State's memorandum.

Dated this 25th day of April, 2019.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE